JOSEPH P. RUSSONIELLO (CBN 44332)
United States Attorney

BRIAN J. STRETCH (CABN 163973)
Chief, Criminal Division

EUMI L. CHOI (WVBN 722)
Assistant United States Attorney

150 Almaden Boulevard
San Jose, California 95113
Telephone: (408) 535-5079
Facsimile:  (408) 535-5066
Email: eumi.choi@usdoj.gov

Attorneys for the United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>ROGER LY,<br><br>    Defendant. | No. CR 07-00773 JW<br>**UNITED STATES' SENTENCING MEMORANDUM**<br><br>Date: August 25, 2008<br>Time: 1:30 p.m.<br>Court: Hon. James Ware |

The United States hereby submits its sentencing memorandum in the above-referenced case. The United States agrees with the Probation Office that the total adjusted offense level is 22. Given his Criminal History Category of I, the defendant falls within the range of 41 to 51 months. The United States asks that the Court impose a sentence at the low end of the Guidelines range, 41 months, which is a reasonable sentence under Section 3553(a).

**A.      Factual Background**

In pleading guilty, the defendant admitted that, on July 6, 2007, he called the Wells Fargo Bank Branch located at 2792 Homestead Road, in Santa Clara, California.  He spoke to a bank

teller, and told her that there were four devices in the bank hooked onto a cell trigger; he asked the bank teller if she understood what he had said. The bank teller said yes. During several phone calls with the teller and another person who turned out to be an FBI agent posing as a bank employee, defendant Ly demanded $50,000 in large, unmarked bills, and provided directions for the delivery of the bank's money. The FBI agent posing as a bank employee delivered $1,200 of the bank's money in a blue Wells Fargo Bank bag to a location on Stevens Creek Boulevard in San Jose, California. The agent threw the bag with the money over a fence, as the defendant had directed him to do. Defendant Ly then picked up the bag with the bank's money, and moved it to another nearby location. Immediately following this, he was arrested by nearby law enforcement.

On April 7, 2008, Ly pleaded guilty to one count of unarmed bank robbery, in violation of 18 U.S.C. § 2113(a).

**B.      The Court Should Impose A Sentence of 40 Months, Which is a Reasonable Sentence After Considering the Factors Under Section 3553(a)**

In the present case, the United States asks that the Court sentence defendant Ly to a custodial term of 41 months, reflecting a Guidelines range sentence and which is a reasonable sentence after considering the factors set forth in 18 U.S.C. § 3553(a).

In United States v. Booker, 125 S. Ct. 738 (2005), the Supreme Court instructed that a sentencing court should take the Guidelines into account and also fashion a reasonable sentence reflecting the seriousness of the offense, promote respect for the law, provide for just punishment, provide adequate deterrence, and protect the public under 18 U.S.C. § 3553(a). Booker, 125 S. Ct. at 765. The Guidelines are advisory now, Booker, id.; Rita v. United States, 127 S. Ct. 2456 (2007). The Supreme Court has held that when a district court applies a sentence within a properly calculated Guidelines range, the courts of appeals may apply a presumption of reasonableness to that sentence. Rita, id. at 2465. But the district court cannot presume the Guidelines range is reasonable, and "must make an individualized assessment based on the facts presented" in sentencing a defendant, Gall v. United States, 2007 WL 4292116 (Dec. 10, 2007). To impose a non-Guidelines sentence, the district court must ensure that the justification

No. CR 07-00773 JW
**UNITED STATES' SENTENCING MEMORANDUM**

2

supports the variance. Id. At 7.  Appellate courts are to review sentences for reasonableness under an abuse of discretion standard.  Kimbrough v. United States, 2007 WL 4292116 (Dec. 10, 2007)(sentencing judge need not accept the policy judgments implicit in a Guidelines provision).

In the present case, the 41 months of incarceration requested by the United States falls within the properly calculated Guidelines Range.  Therefore, if this Court determines to impose a 41-month sentence, the Ninth Circuit may presume that this sentence is reasonable.  Moreover, a 41-month sentence is indeed reasonable after considering the factors under Section 3553(a).

Section 3553(a), entitled "Factors to be considered in imposing sentence," provides as follows:

> The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection.  The court, in determining the particular sentence to be imposed, shall consider -
>
>     (1)   the nature and circumstances of the offense and the history and characteristics of the defendant;
>
>     (2)   the need for the sentence imposed -
>
>         (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
>         (B) to afford adequate deterrence to criminal conduct;
>
>         ©  to protect the public from further crimes of the defendant; and
>
>         (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
>     (3)   the kinds of sentences available;
>
>     (4)   the kinds of sentence and the sentencing range established for - (A) the applicable category of offense committed by the applicable category of defendant as set forth in the [Sentencing] guidelines . . . that . . .are in effect on the date the defendant is sentenced;
>
>     (5)   any pertinent policy statement - (A) issued by the Sentencing Commission . . . that . . . is effect on the date the defendant is sentenced;
>
>     (6)   the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct.
>
>     (7)   the need to provide restitution to any victims of the offense.

No. CR 07-00773 JW
**UNITED STATES' SENTENCING MEMORANDUM**

3

18 U.S.C. § 3553(a).

Thus, under Section 3553(a), this Court shall impose a sentence that reflects (1) the nature and circumstances of the offense, and (2) the history and characteristics of the defendant; and the sentence should (3) reflect the seriousness of the offense, (4) promote respect for the law, provide for just punishment, (5) provide adequate deterrence, and (6) protect the public.

Defendant Ly knowingly and intentionally took money from Wells Fargo Bank, a federally insured institution, using force and violence in doing so. More specifically, he demanded $50,000 from the bank, threatening to blow up the bank if his demand was not met. In demanding the money, he sought to evade detection by law enforcement by requiring that the money be in large, unmarked bills and by directing that the money be delivered to another location where he could pick it up. Had all gone according to his plan, the defendant would have absconded with $50,000 of the bank's money. This robbery was not an aberrant act, as underscored by his deliberate actions in committing this crime, and also in light of his 1998 conviction described in the pre-sentence report. Though a petty offense of theft in view of the value of the items defendant was convicted of stealing from Fry's Electronic Store, the underlying events – removing the contents of a printer cart box priced at $39.99 and replacing them with two amplifiers priced at $649.89 on the floor of the store – demonstrated a willingness to take what was clearly not his and an attempt to evade detection by disguising the true value of what he was stealing, in flagrant disregard for the law. Morever, nothing in the pre-sentence report indicates a reason for committing the instant crime that could elicit any sympathy for or understanding of the defendant's actions. Likewise, there is little to show that defendant Ly would not commit a similar type of crime again.[1]

Accordingly, in order to adequately reflect the seriousness of this crime, provide just punishment, to promote respect for the law, to protect the public, and to deter other potential

---

[1] Interestingly, defendant's credit history is excellent, although he maintains that "extensive financial problems" compelled him to commit the instant offense. See PSR at ¶¶ 55, 67.

No. CR 07-00773 JW
**UNITED STATES' SENTENCING MEMORANDUM**

4

1  offenders in the future, the Court should impose the requested sentence of 41 months.

## CONCLUSION

For the foregoing reasons the United States requests that the Court impose a sentence of 41 months which is a reasonable Guidelines sentence after considering the factors under Section 3553(a). The United States concurs with the Probation Office that the custodial term should be followed by a three-year term of supervised release and a special assessment of $100, and that the Court should impose a fine of $7,500.

DATED: August __, 2008                    JOSEPH P. RUSSONIELLO
                                          United States Attorney


                                          _____/s/_____
                                          EUMI L. CHOI
                                          Assistant United States Attorney

No. CR 07-00773 JW
**UNITED STATES' SENTENCING MEMORANDUM**

5